**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLISON SHIPES, et al.,

    Plaintiff,

v.

                              Case No. 10-14943

AMURCON CORP.,

    Defendant.
                                            /

**OPINION AND ORDER GRANTING "DEFENDANT'S EMERGENCY MOTION TO QUASH SUBPOENA SEEKING PRIVILEGED INFORMATION"**

Pending before the court is Amurcon Corp.'s ("Amurcon") "Emergency Motion to Quash Subpoena Seeking Privileged Information." Judge Victoria A. Roberts is unavailable, and the emergency motion was assigned to the undersigned judge to resolve in her absence. A response to this emergency motion has not be docketed as of 4:45 p.m. today. After initial review, the court will grant the motion subject to further possible motion practice before Judge Roberts and quash the subpoena of Mr. Gene Farkas at this time.

**I. BACKGROUND**

Plaintiffs initiated this case alleging that Defendant violated the Fair Labor Standards Act. In a separate lawsuit, *Kade v. Amurcon Corp.*, Case No. 10-14662, Plaintiff Kelly Kade alleges substantially the same claim against Defendant.

On August 19, 2011, Plaintiff's counsel, Jesse L. Young, issued a subpoena to Farkas seeking "[a]ny and all audio tape recordings in your possession, custody or

control as described during your deposition held in this matter on June 2, 2011." (Def.'s Mot. Ex. A.) The subpoena ordered Farkas to present the audio recordings at Plaintiff's counsel's office on September 2, 2011 at 10:00 a.m.

Farkas was employed by Amurcon as its Director of Human Resources. (Def.'s Mot. 2.) At the deposition referred to in the subpoena, Farkas indicated that he possessed tape recordings of conversations "made relating to his employment with Defendant Amurcon," and that "he tape-recorded a conversation with attorney Bob Jacobs" regarding "documents that may have been part" of a discovery request in the separate Kade lawsuit. (*Id.* at 3) At the deposition, objections were made related to inquiries into the conversation between Farkas and Jacobs. (*Id.*)

## II. DISCUSSION

A court that issues a subpoena in discovery must quash or modify it where the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Under Rule 501 of the Federal Rules of Evidence

> the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501. In its motion, Defendant states that Michigan law, not federal law, is the law to be applied to its motion. However, the Plaintiffs assert a federal cause of action under the Fair Labor Standards Act, and there is no indication in Defendant's

motion that state law supplies the rule of decision "with respect to an element of a claim or defense." *Id.* Therefore, in accordance with Rule 501, the court will apply federal common law, not state law, to Defendant's attorney-client privilege claim.

The Supreme Court addressed the scope of the attorney-client privilege in the corporate setting in *Upjohn v. United States*, 449 U.S. 383 (1981). "[T]he Court held that the privilege applies to communications by any corporate employee regardless of position when the communications concern matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation." *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997).

The conversation between Farkas and Jacobs regarding discovery requests in the Kade lawsuit appears to be protected by the attorney client privilege. Farkas, the former human resources director at Amurcon, allegedly engaged in (and recorded) a conversation with Bob Jacobs regarding a lawsuit alleging failure to pay required overtime pay. (Def.'s Mot. 2-3.) The conversation was in the scope of Farkas's duties because the duties of a human resources director reasonably include participation in lawsuits over disputed unpaid overtime. Farkas admitted in his deposition that he learned of the subject matter of the Kade lawsuit and that Jacobs was an attorney representing Amurcon from an interrogatory he received from Jacobs. (*Id.* Exhibit A.) Therefore, Farkas was likely aware that the conversation was intended to aid in Jacob's defense of Amurcon.

Upon the facts presented to the court in Amurcon's emergency motion, this court is inclined to believe that Farkas's conversation with Jacobs regarding the discovery

requests in the Kade lawsuit are protected by the attorney-client privilege. The court will therefore quash the subpoena at this time. If the Plaintiffs wish to re-file or otherwise pursue the objects of this subpoena, counsel should contact Judge Roberts's case manager next week for further direction. Nothing in this order inhibits Judge Roberts from taking whatever action she deems appropriate upon later review.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that "Defendant's Emergency Motion to Quash Subpoena Seeking Privileged Information" is GRANTED.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2011


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 1, 2011, by electronic and/or ordinary mail.

                                    s/Lisa G. Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522