**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Allison Shipes, et al.,**

        **Plaintiffs,**        **Civil Action No. 10-14943**

    **vs.**                  **District Judge Victoria A. Roberts**

**Amurcon Corp.,**        **Magistrate Judge Mona K. Majzoub**

        **Defendant.**
_____/

**ORDER**

Before the Court is Plaintiffs' third motion to compel discovery. (Dkt. 47.) The parties have fully briefed the motion and have submitted a joint statement of resolved and unresolved issues. (Dkt. 56.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 52.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[1] For the reasons stated below, the Court grants in part and denies in part Plaintiffs' motion to compel.

**I.    Background**

Plaintiffs Allison Shipes and Theresa Jull have filed this Fair Labor Standards Act ("FLSA") case against their former employer, Defendant Amurcon Corporation ("Defendant" or "Amurcon"). Plaintiffs have alleged that Defendant violated the FLSA by (1) improperly editing hourly

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court notes that Defendant has argued that the Court should deny Plaintiffs' motion for failure to comply with Eastern District of Michigan Local Rule 7.1(a), requiring parties to seek concurrence before filing a motion. Here, the Court is satisfied that Plaintiffs substantially complied with Local Rule 7.1(a). *See Tuttle v. Land*, 10-11221, 2010 WL 2232210 (E.D.Mich. May 27, 2010) (Cleland, J.).

1

employees's time sheets so that Defendant could avoid paying overtime and (2) improperly classifying salaried employees as exempt, since those salaried employees performed essentially the same job duties as hourly, non-exempt employees. (Dkt. 65, March 23, 2012 Order at 2.)

## II.  Analysis

On February 23, 2012 the parties submitted a joint statement of resolved and unresolved issues.[2] (Dkt. 56.) The parties have stated that they had not resolved the following issues:

1. The punch in/out records for the Named Plaintiffs Shipes and Jull from 2007 to the present;
2. The punch in/out records for all the employees of Defendant from December 2007 to the present;
3. The payroll records from December 2007 to the present for the Named Plaintiffs Shipes and Jull;
4. The payroll records from December 2007 to the present for all Amurcon employees;
5. The overtime authorization forms signed by Lawrence Catrinar
6. An order tolling the statute of limitations for the non-class members;
7. Sanctions in the amount of $100,000; and
8. An order compelling Defendant to pay Kathy Bogas's facilitation fee.

(Joint Statement at 1-2.) Since the Joint Statement, the court entered an order granting in part and denying in part Plaintiffs' request for § 216(b) certification. (Dkt. 65.) In that order, the court ordered Amurcon to provide certain discovery. Amurcon was to provide "Plaintiffs with a list of all hourly persons employed at Amurcon within three years of the date of this Order, [and Amurcon] must also furnish a list of all Staff Accountants of Amurcon during the relevant time period." (Dkt. 65, March 23, 2012 Order at 22.) "These lists must include the information requested, *i.e.*, the names, last known addresses and telephone numbers, all job titles held, and dates and locations of employment of all hourly and salaried employees (and former employees) of Amurcon, employed

---

[2]After the parties submitted the Joint Statement, Plaintiff Jani Platz dismissed her claims with prejudice. (Dkt. 59, 61.) The Court has removed references to Platz that were in the Joint Statement.

2

within the relevant time period." (*Id.*) "[Amurcon] has fourteen (14) days after the date of this Order to provide this information." (*Id.*)

### A. Discovery issues

The Joint Statement presents two general discovery issues: what the relevant time period is for general production of documents and Plaintiffs' request for documents from a former president of Defendant.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

As to the relevant time period, Defendant correctly argues that the FLSA limitations period goes back three or two years from the date the named plaintiff files a written consent to join the collective action. (Def.'s Resp. at 6, citing 29 U.S.C. § 256.) *See Frye v. Baptist Mem'l Hosp.*, 07-2708, 2011 WL 1595458, at *3 (W.D.Tenn. Apr. 27, 2011) ("Until a plaintiff, even a named plaintiff, has filed a written consent, [] he has not joined in the class action, at least for statute of limitations purposes.") (citation omitted, insertion in *Frye*). Here, Plaintiffs Shipes and Jull filed

that notice on August 23, 2011. (Dkt. 37.) The relevant limitations period is therefore three years from that date, or August 23, 2008. The Court will therefore order production of documents within those periods.

Defendant states that, on November 19, 2011, it produced: Shipes and Jull's personnel records; the Amurcon Associate Handbook; the payroll "adjustment" binders for 2009 and 2010 (which included the overtime authorization forms, and time clock adjustments); the payroll records from January, 2009 through December, 2010; wage detail reports; and the time detail reports from Ms. Allison. (Def.'s Resp. at 6.) Defendant states that it did not produce payroll records from 2007-2008 because it was "not in possession of those documents," having changed payroll service providers in 2008. (*Id.*) Defendant states that it "has produced what it has been able to produce." (*Id.*) As to 2007 time records, Defendant argues that those records are not relevant. (*Id.*)

As to the punch detail reports, Defendant states that it originally could not produce them because it changed its time clock software for time keeping purposes. (Def.'s Resp. at 7.) Since the request, though, Defendant states that it has learned how to 'game' the system so that it will divulge the punch detail reports. (*Id.*) Defendants adds that it produced the documents for Shipes and Jull on the day it filed its response to the third motion to compel. (*Id.*)

And as to the other information, Defendant states that it has produced all the responsive documents that it has. (Def.'s Resp. at 8.)

As the Court has defined the limitations period and Defendant has discovered a way to produce those documents that it previously was not able to produce, the Court will order production of documents as set forth below.

The parties state that the authorization forms signed by Lawrence Catrinar, a former president of Defendant, are still at issue. (Pls.' Mot. at 4.) Plaintiffs argue that Mr. Catrinar testified that he signed off on overtime authorization forms for two years when he was in charge of approving overtime. (*Id.* at 4-5.) Plaintiffs state that he signed off on such forms from 2007 to 2009, and possibly into the beginning of 2010. (*Id.* at 5.) Plaintiff argues that these documents would be relevant, should be produced, and that Defendant is improperly withholding these documents. (*Id.*)

Defendant argues that Plaintiffs have misrepresented Mr. Catrinar's testimony. (Def.'s Resp. at 8.) Defendant states that, while Mr. Catrinar did approve overtime while he was president he testified that he did not use the form that Plaintiffs were seeking and attached to their motion to compel. (*Id.*)

Regardless of which form Mr. Catrinar signed, if he approved overtime for Shipes or Jull from August 23, 2008 or any employee from March 23, 2009 to the present, Defendant must produce those documents, because they are relevant.

Following the Joint Statement and the March 23, 2012 Order, the Court orders:

1. Defendant to produce the punch in/out records for Plaintiffs Shipes and Jull from August 23, 2008 to the present;
2. Defendant to produce the punch in/out records for all of Defendant's employees from March 23, 2009 to the present;
3. Defendant to produce the payroll records from August, 23, 2008 to the present for Plaintiffs Shipes and Jull;
4. Defendant to produce the payroll records from March 23, 2009 to the present for all of Defendant's employees; and
5. that Defendant produce any overtime authorization forms signed by Lawrence Catrinar with regard to Plaintiffs Shipes or Jull from August 23, 2008 to the present and any overtime authorization forms signed by Lawrence Catrinar with regard to any employee from March 23, 2009 to the present.

**B.  Equitable tolling issue**

The parties are still disputing the equitable tolling issue. Despite this dispute, the Court finds

5

that the request is premature and denies the portion of Plaintiffs' motion to compel that relates to this issue without prejudice. Defendant has pointed the Court to *Jesiek v. Fire Pros, Inc.*, 09-123, 2011 WL 2457311 (W.D.Mich. June 16, 2011) (Scoville, Mag. J.) to support its argument that Plaintiffs' request is premature. Defendant is right to point the Court to *Jesiek*–that case is directly on point and the Court adopts its reasoning and holding here. The *Jesiek* court discussed FLSA limitations periods and when such periods begin. *Id.* at *1. The court then addressed the plaintiffs' equitable tolling argument and the Sixth Circuit's approach to equitable tolling. *Id.* The court held that the "resolution [of an equitable tolling argument] is fact-specific and is applied on a case-by-case basis to prevent inequity." *Id.* (citation omitted). "Application of the [equitable tolling] doctrine requires fact-finding with regard to the individual plaintiff's knowledge, diligence, and conduct, including whether [the] plaintiff had actual or constructive notice of the filing requirement, [the] plaintiff's diligence in pursuing his rights, and the plaintiff's reasonableness in remaining ignorant of any particular legal requirements." *Id.* (citations omitted). The *Jesiek* court ultimately concluded,

> the request of the original plaintiffs that the court declare the statute of limitations be equitably tolled on behalf of absent parties is not properly before the court and is therefore premature. At the present juncture, no opt-in plaintiff has appeared . . . . Therefore, the number of opt-in plaintiffs, their identities, and their individual circumstances are unknown. The statute of limitations is an affirmative defense . . . which defendant has yet to assert with regard to the claims of any opt-in plaintiff. If and when that defense is asserted, the burden will be on each opt-in plaintiff to demonstrate facts satisfying the Sixth Circuit's requirements for the application of the doctrine of equitable tolling. In the case's present posture, the entire question is hypothetical and is raised by plaintiffs who have no personal interest in the outcome.

*Id.* at *2.

This case is at the same juncture as the *Jesiek* case was–no plaintiffs have opted in. Following from *Jesiek*, which the Court finds was rightly decided, the Court denies Plaintiffs' equitable tolling request as premature.

**C.      Plaintiffs' sanctions requests**

In addition to the production of documents and an equitable tolling order, Plaintiffs request a $100,000.00 sanctions order against Defendant and that Defendant pay the full amount of Kathleen Bogas's bill for the failed facilitation. (Pls.' Mot. at 1.)

Plaintiffs argue that they are entitled to these additional sanctions because Defendant has been intentionally and "likely in bad faith" 'gaming' this litigation and not producing discovery requests timely. (Pls.' Mot. at 7.) Plaintiffs maintain that the failure to produce discovery resulted in them being prejudiced at the December 12, 2011 facilitation. (*Id.*) Plaintiffs further maintain that Defendant is using the "lack of documentation to limit the temporal scope of its violations and, as a result, to limit the scope of its possible exposure."(*Id.*) Plaintiffs state that "[w]ithout the documentation Plaintiffs requested, they were and are unable to accurately assess the dramatic temporal limitations on damages that Amurcon insists exist." (*Id.*)

Defendant argues that it has not been dilatory in its document production, that several of the delayed document productions were due to its change of counsel and therefore warranted, and that several of Plaintiffs' documents requests, those from 2007, are not relevant, due to the FLSA statute of limitations. (Def.'s Resp. at 6-8.)

As to the facilitation argument, Defendant states that, at facilitation, both parties made offers to settle the case, both for the named plaintiffs and on a class-wide basis, but they were not able to agree on settling. (Def.'s Resp. at 9.) Defendant states,

7

> Plaintiffs are now attempting to blame the failure of the facilitation on the lack of documents and information, even though Plaintiffs have all payroll records for the named Plaintiffs, except for the five months in 2008, and Plaintiffs admitted that they have all their own punch detail records.

(Def.'s Resp. at 9.) Also in its response, Defendant has invited the Court to contact the facilitator "to discuss the parties' respective positions during the facilitation, and the rationale each party had for the positions they took. (*Id.*) Although the Court will not contact the facilitator, the Court does recognize Defendant's position and invitation. Plaintiffs continue to argue that Defendant "attempted to use the lack of documentation at facilitation to limit the temporal scope of any settlement negotiations." (Pls.' Reply at 4.)

While the Court acknowledges that discovery challenges may have existed and may still exist in this case, the Court finds that Plaintiffs are not entitled to the extreme sanctions of $100,000.00 and the facilitator's fee. The Court therefore denies Plaintiffs' request for sanctions.

**D.    Conclusion**

For the above stated reasons, the Court grants in part and denies in part Plaintiffs' third motion to compel. The Court denies Plaintiffs' request for sanctions and the facilitator's fee. The Court further orders:

1. Defendant to produce the punch in/out records for Plaintiffs Shipes and Jull from August 23, 2008 to the present;
2. Defendant to produce the punch in/out records for all of Defendant's employees from March 23, 2009 to the present;
3. Defendant to produce the payroll records from August, 23, 2008 to the present for Plaintiffs Shipes and Jull;
4. Defendant to produce the payroll records from March 23, 2009 to the present for all of Defendant's employees;
5. and Defendant produce any overtime authorization forms signed by Lawrence Catrinar with regard to Plaintiffs Shipes or Jull from August 23, 2008 to the present and any overtime authorization forms signed by Lawrence Catrinar with regard to any employee from March 23, 2009 to the present.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 9, 2012           s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 9, 2012           s/ Lisa C. Bartlett
                               Case Manager