UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Allison Shipes, et al.,**

        **Plaintiffs,**        **Civil Action No. 10-14943**

    **vs.**        **District Judge Victoria A. Roberts**

**Amurcon Corp.,**        **Magistrate Judge Mona K. Majzoub**

        **Defendant.**

_____/

### ORDER

Before the Court is Plaintiffs' "motion to compel audio tapes from third-party witness."[1] (Dkt. 55.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 63.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[2] Because the Court finds that Plaintiffs have failed to issue a subpoena for the production of the tapes from a non-party, making this motion not procedurally proper, the Court is unable to grant Plaintiffs the relief they request. The Court therefore denies Plaintiffs' motion to compel.

**I.      Background**

On August 19, 2011 Plaintiffs issued a subpoena to Gene Farkas, Defendant's former Vice-President of Human Resources. (Pls.' Mot. at 1.) Plaintiffs were requesting Mr. Farkas to produce

---

[1] Although Plaintiffs have stated that the witness is a "third-party witness," the subject, Mr. Gene Farkas, is actually not a party to this case.

[2] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

two audio recording tapes that they believed were relevant to the case. (*Id.*) On September 1, 2011 Defendant filed an emergency motion to quash Plaintiffs' subpoena, claiming the attorney-client privilege prohibited disclosure of the the audio recordings in Mr. Farkas's possession. (*Id.*) On that same day, Judge Cleland quashed the subpoena.[3] (*Id.*) In Judge Cleland's order, he stated that he "will grant the motion subject to further possible motion practice before Judge Roberts and quash the subpoena of Mr. Gene Farkas at this time." (Dkt. 40, Cleland's Order at 1.) Judge Cleland concluded, "[i]f [] Plaintiffs wish to re-file or otherwise pursue the objects of this subpoena, counsel should contact Judge Roberts's case manager . . . for further direction." (*Id*. at 4.) Nothing happened regarding this audio recording issue until Plaintiffs filed this motion to compel on February 23, 2012. (Dkt. 55, Pls.' Mot.) Plaintiffs have not requested a new subpoena, stating that "[i]nstead of reissuing another subpoena that would surely draw another objection, Plaintiffs decided to file this motion." (Pls.' Mot. at 1.)

**II.     Analysis**

While Plaintiffs and Defendant present various arguments for and against granting this motion, the Court ultimately agrees with Defendant on its first, most basic argument–Plaintiffs' motion is procedurally improper because the Court cannot grant a motion to compel discovery from a non-party when no underlying subpoena exists. *See Smith v. Florida Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (holding that the district court did not abuse its discretion when it denied the plaintiff's motion to compel discovery because the plaintiff failed to pay the fee required for the subpoena to issue.) *See also Myers v. Andzel*, 06-14420, 2007 WL 3256879, at * 1 (S.D.N.Y. Oct.

---

[3] Plaintiffs state that Judge Roberts, the district judge presiding over this case, was unavailable for ruling.

15, 2007) (quoting *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule 45]."). Without a subpoena, "[a]ny interrogatories or requests for production of documents served on non-parties are a nullity." *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001).

Plaintiffs argue that Judge Cleland's order gives them the right to directly file this motion to compel. Plaintiffs have misread Judge Cleland's order–the order does not give Plaintiffs the right to circumvent the Federal Rules. Plaintiffs must file a subpoena for discovery from a non-party such as Mr. Farkas. The Court acknowledges that the procedural hurdle of getting a subpoena will most likely lead to an objection, which will most likely lead to another motion to compel in front of this Court, but the Federal Rules's hurdles exist for a reason, and a party cannot leap over them so haphazardly. *See In re Northfield Laboratories, Inc. Securities Litigation*, 06-1493, 2012 WL 266852, at *8 (N.D.Ill. Jan. 31, 2012) ("Generally, to obtain discovery from nonparties, a party must first issue a subpoena, pursuant to Rule 45. To obtain an order compelling compliance with such a subpoena, a party must file a motion to compel.").

The Court therefore DENIES Plaintiffs' motion.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 9, 2012              s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

3

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 9, 2012           s/ Lisa C. Bartlett
                                      Case Manager