UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON SHIPES and THERESA JULL,
individually and on behalf of
similarly situated people,

        Plaintiffs,        CASE NUMBER: 10-14943
                                  HONORABLE VICTORIA A. ROBERTS
v.

AMURCON CORPORATION, a Michigan
Corporation,

        Defendant.
_____/

**ORDER DENYING RECONSIDERATION OF ORDER GRANTING
JANI PLATZ'S MOTION FOR VOLUNTARY DISMISSAL**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Amurcon Corporation's ("Amurcon") Motion for Reconsideration of this Court's Order Granting Plaintiff Jani Platz's Motion for Voluntary Dismissal. (Doc. # 62).

The Court **DENIES** Defendant's Motion.

**II.    BACKGROUND**

On March 15, 2012, this Court granted Plaintiff Jani Platz's motion to dismiss her Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* lawsuit against her former employer, Amurcon, with prejudice and without an award of damages, costs, or attorney fees to either side under Fed. R. Civ. P. 41(a)(2). (Doc. # 61). The rule provides that an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper. Fed. R. Civ. P. 41(a)(2).

On March 16, 2012, Amurcon moved for reconsideration. (Doc. # 62). Amurcon does not contest that Platz's motion for voluntary dismissal should be granted; rather, it requests that the Court award it costs and attorney fees under Fed. R. Civ. P. 41(a)(2) and 29 U.S.C. § 1927, calling Platz's action "frivolous." (Doc. # 62). The Court ordered Platz to respond to Amurcon's motion to reconsider. (Doc. # 73). In particular, the Court asked Platz to address why a review of her December 6, 2011 deposition testimony did not cause her to immediately dismiss her action in view of the shortcomings of that testimony.

On April 20, 2012, Platz responded. (Doc. # 79). She says: (1) generally an award of costs and fees is not appropriate unless a plaintiff dismisses her claim without prejudice and re-files the same claim, exposing the defendant to duplicative expenses, or there are extraordinary circumstances warranting an award of fees and costs; (2) Platz's December 2011 deposition testimony was not the sole reason for her motion for voluntary dismissal as she testified to several facts that supported her claim during the deposition, despite the shortcomings of her testimony; (3) Platz decided to dismiss her claims in March 2012 largely because the litigation was taking a toll on her health, causing her to suffer from depression, anxiety, and sleep deprivation; (4) Amurcon drafted its summary judgment motion prior to seeking concurrence, did not explain the nature of the proposed motion when it asked counsel to concur, and did not give Platz time to consult with her attorney about the motion before filing it; and (5) Platz did not move to dismiss her claims until March 13, 2012 because Amurcon ignored her attorney's efforts to contact it to discuss settlement.

2

III. **ANALYSIS**

   A. **Standard of Review**

A court will only reconsider and reverse a prior ruling if the movant demonstrates "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

   B. **There are no exceptional circumstances warranting an award of attorney fees under Fed. R. Civ. P. 41(a)(2).**

The cases Amurcon relies on discuss the imposition of an award of fees against counsel as a sanction for bad faith or reckless conduct on counsel's part. As the district court recognized in *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 853 (W.D. Mich. 2007), "[r]ule 41(a)(2) . . . does not support the award of attorney fees in conjunction with a dismissal with prejudice." 471 F. Supp. 2d. 848, 853 (W.D. Mich. 2007); *see also Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (discussing the reason for allowing attorney fees under Fed. R. Civ. P. 41(a)(2) against the dismissing party where an action is dismissed without prejudice and indicating that the same reasoning does not apply to dismissals with prejudice).

An award of attorney fees under Rule 41(a)(2) is generally only appropriate when a lawsuit is voluntarily dismissed without prejudice. *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). "The purpose of such awards is . . . to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id*. "The reason for denying a fee award upon dismissal of clams with prejudice is

simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award." *Id.* at 134. Therefore, an award of attorney fees following a dismissal with prejudice must be pursuant to Fed. R. Civ. P. 11 or independent statutory authority. *Burnett*, 471 F. Supp. 2d at 853; *Colombrito*, 764 F.2d at 134 ("Several courts have held that a Rule 41(a)(2) award of fees [when a lawsuit is dismissed with prejudice] is appropriate only when there is independent statutory authority for such an award. This Circuit has previously assumed as much." (citations omitted)).

This case is very different from *Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699 (S.D. Fla. 2008) on which Amurcon principally relies. There, the plaintiff brought a FLSA action against the wrong defendant (the plaintiff attempted to sue his employer but later admitted that he was employed by a different corporation–not the defendant–during the relevant time period) and ultimately admitted that his claims were meritless. *Id.* at 700. The court noted that the matter was the subject of a previously filed suit that was dismissed for the plaintiff's failure to comply with a court order. *Id.* The plaintiff violated local rules when he re-filed the same Complaint against the same defendant, but indicated it was an "Original Proceeding," and refused to agree with defense counsel to transfer the case to the judge presiding over the first suit. *Id.* at 700-01.

After the case was transferred, the court noted that the plaintiff's intentions were "further suspect." *Id.* at 701. Namely, in his sur-reply to the defendant's motion to

dismiss, the plaintiff offered to pay $960.00 in costs to defendant, but within an hour of filing the sur-reply (and without a logical explanation), he withdrew that offer. *Id.* The same day he filed his sur-reply, he moved to voluntarily dismiss with prejudice. *Id.* The court granted the plaintiff's motion to voluntarily dismiss with prejudice, but ordered the plaintiff to pay the defendant's reasonable costs and attorney fees, explaining:

> Defendant has been forced to litigate this case without reason. The pay stubs that Plaintiff himself attached to his Response (DE 7) clearly show that he was employed by another corporation during the period in question. If Plaintiff had litigated this claim th[r]ough judgment and lost, but had a colorable claim, the Court could not reward Defendant for its victory. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542-43 (11th Cir. 1985) (approving the award of attorney's fees to an FLSA defendant only when the plaintiff acts in bad faith, vexatiously, wantonly, or for oppressive reasons) (citation omitted). In contrast, this Final Order of Dismissal is not simply a judgment in favor of Defendant; it is Plaintiff's voluntary dismissal of this case because he recognizes that it lacks all merit. In fairness to Defendant, though, this action cannot be dismissed without some protection afforded to it.

*Id.* at 701- 02 (citation omitted).

The *Tesma* court found that the unique and exceptional circumstances of the case warranted an award of attorney fees under Rule 41(a)(2). Other courts have likewise observed that assessing attorney fees against the dismissing party following a dismissal with prejudice may be warranted in extraordinary circumstances. In *Aerotech, Inc. v. Estes*, when faced with a challenge to the district court's refusal to assess attorney fees against a plaintiff who dismissed claims with prejudice, the Tenth Circuit opined:

> Today, we continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances. When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit

> and impose duplicative expenses upon him. In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again. Of course, when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system, attorneys' fees might be appropriate. But such exceptional circumstance is not present here.

110 F.3d 1523, 1528 (10th Cir. 1997); *see also Kreager*, 775 F.2d at 1542-43 (observing that courts have the "inherent power" to assess attorney fees when a party willfully disobeys a court order, or when a losing party acts in bad faith, vexatiously, wantonly, or for oppressive reasons); *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) ("Although a court may impose attorneys' fees and costs under Rule 41(a)(2), it should do so only when justice so demands.").

Even if this Court were to agree that in exceptional circumstances an award of fees under Rule 41(a)(2) where a plaintiff seeks voluntary dismissal with prejudice is appropriate absent independent statutory authority, Platz's attorney's conduct throughout this litigation was substantially different from that of the plaintiff's attorney in *Tesma*. Most notably, the attorney in *Tesma* admitted that his case lacked merit because he sued the wrong company and could not give the court an explanation for his failure to name the proper corporate defendant. *Id.* at 700.

On the other hand, Platz sued the appropriate party and believed, even after her deposition, that her claim had merit. During her deposition she testified about several facts that supported the claim. (*See* Doc. # 79 at 8). She said she was required to perform the duties of hourly employees because Amurcon was short-staffed; her primary job duties were not managerial, despite the written job description; at one point

6

she only had one hourly employee reporting to her; she complained to supervisors about not getting paid overtime; and she was aware of another salaried employee who was paid overtime. In addition, Platz is not a repeat litigant; she has not made a habit of "bringing claims and then dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system . . . ." *Estes*, 110 F.3d at 1528.

### C. Platz's attorney's failure to dismiss her claims against Amurcon sooner does not warrant imposition of attorney fees and costs under 28 USC §1927.

Defendant does not seek attorney fees under Rule 11 or the statutory provisions of the FLSA. Instead, it relies on 28 U.S.C. § 1927. Under that provision, "An attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

An award of attorney fees and costs is warranted under § 1927 "when an attorney 'objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). "[T]he section is designed as a sanction against dilatory litigation practices and is intended to require an attorney to satisfy personally the *excess* costs attributable to his misconduct." *Ruben*, 825 F.3d at 833 (emphasis in original). A court need not find that an attorney acted in bad faith to sanction him under § 1927. *Bailey*, 236 F. App'x at 204. "Instead, a district court may impose liability for

attorney fees under section 1927 when it determines that 'an attorney reasonably should know that a claim pursued is frivolous.'" *Id.* (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230-31 (6th Cir. 1986)); *see also Ortiz v. D & W Foods, Inc.*, 657 F. Supp. 2d 1328, 1330 (S.D. Fla. 2009) ("Section 1927 provides relief against an attorney who knowingly or recklessly pursues a frivolous claim."). But "simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *Ruben*, 825 F.2d at 984; *cf. Bailey*, 236 F. App'x at 204 ("An attorney becomes sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiple proceedings.").

In *Ortiz*, cited by Amurcon, a Florida district court awarded attorney fees against the plaintiff's attorney under § 1927 after the plaintiff voluntarily dismissed his FLSA action with prejudice. 657 F. Supp. 2d at 1331. The *Ortiz* court observed that defendants were entitled to judgment because they were not subject to enterprise coverage, in part because the defendant restaurant's revenue was not over $500,000, and plaintiff was not entitled to individual coverage. *Id.* The defendants argued that the action was frivolous because plaintiff's counsel "was on notice of the enterprise coverage standard of the FLSA and could have engaged in pre-suit actions, such as the filing of a pure bill of discovery or a demand letter, to ascertain whether Defendant D & W Foods, Inc. had gross revenue that exceeded $500,000." *Id.* The court agreed with the plaintiff that the suit was frivolous and awarded fees against plaintiff's attorney primarily because "Plaintiff[']s counsel did not submit an affidavit attesting to his pre-suit investigations or to his good faith belief that the action was not frivolous." *Id.*

Here, Platz's attorney Jesse Young filed an affidavit attesting to the events

8

leading to the filing of the motion for voluntary dismissal. The actions he took indicate a good faith belief in the merit of his client's contention that she was misclassified as FLSA-exempt because she performed many of the same non-managerial functions as hourly Amurcon employees. Mr. Young voluntarily dismissed at Platz's request after reviewing Amurcon's summary judgment motion and discussing with her the strengths and weaknesses of her case, as well as the resources it would take to continue the litigation and her recent medical problems. (*See* Doc. # 79-4; Ex. C, Affidavit of Jesse L. Young). Platz's affidavit supports these statements. (*See* Doc. # 79-3; Ex. B, Affidavit of Jani Platz).

Moreover, Amurcon's defense to Platz's claim -- that she was FLSA-exempt -- was not as cut-and-dry as the defense in *Ortiz*. In *Ortiz*, there was no way around the facts that the plaintiff, as a waiter at the defendants' small restaurant, was not entitled to individual FLSA coverage because he was not engaged in commerce or in the production of goods for commerce, and that the defendant did not have enterprise coverage because its revenue did not exceed the statutory threshold for coverage of $500,000 per year. 657 F. Supp. 2d at 1330; *see also* 29 U.S.C. §§ 207(a)(1) and 203(s); *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368, 1370-71 (S.D. Fla. 2008).

On the other hand, Platz's contention all along has been that while she was classified as a Community Manager, she did not perform managerial functions but instead performed the same work as many of Amurcon's non-managerial, hourly employees. Misclassification claims in FLSA suits are not uncommon, are fact-intensive, and are certainly not as "easily decided" as the issues in *Ortiz*. *See, e.g.*, *Guzman*, 552 F. Supp. 2d at 1370 ("The issue of enterprise coverage is easily

decided."); *Bailey*, 236 F. App'x at 205 ("[T]he standard for exemption under the [FLSA] is general and open to interpretation . . . .").

The Court appreciates Amurcon's argument at pages 2 and 3 of its Motion regarding the deposition testimony that was damaging to Platz's case. For instance, Platz stated at one point that her primary duties were in line with the written Community Manager job description. (*See* Doc. 62-1; Ex. 1, Platz Dep. at 38). These duties were managerial in nature -- and, if they were her primary duties, she was certainly exempt from the FLSA overtime pay requirements. In addition, Platz testified she decided to sue Amurcon when she "realized the injustice, the humiliation, the intimidation, the threats, the hostility, the absolute [lack of] value for human employment or staffing . . . ." (*Id.* at 15). Claims such as these may form the basis of a lawsuit against a former employer, but they are not enough to make out a claim for a violation of the FLSA.

While there is merit to Amurcon's argument regarding this testimony, the Court is cognizant that the standard for granting attorney fees to a prevailing employer is more stringent than that for awarding fees to a prevailing employee. *Bailey,* 236 F. App'x at 203; *cf. Kreager*, 775 F.2d at 1542-43 ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs. Unlike other legislation which authorizes fee awards to prevailing parties, the Fair Labor Standards Act does not specifically provide attorney's fees to prevailing defendants." (citation omitted)). "[A] claim is not groundless simply because it was ultimately unsuccessful. Whether a case is well-grounded in fact will sometimes not be evident until a plaintiff has been given a chance to conduct discovery." *Bailey*, 236 F. App'x at 203 (citations omitted). As Platz emphasizes, discovery was ongoing: "It would have been improper to voluntarily dismiss Platz's claim

based upon her deposition testimony alone, especially when discovery was ongoing and other depositions could have been taken in connection with her claim. Importantly, the parties were also waiting for the Court's decisions on several discovery motions . . . ." (*See* Doc. # 79 at 8).

Although some of Platz's deposition testimony harmed her case, other testimony was helpful and was consistent with her contention that she was misclassified as a manager. For example, Platz testified:

> I was sent [to Lake Village of Auburn Hills] to be the property manager. That wasn't the role that I was taking. . . . That wasn't the role that was – that I ended up doing. . . . I got heavily involved with leasing apartments, cleaning apartments, painting apartments, picking up curbside trash on a 2-mile property, 40 buildings, planting flowers, talking with people for renewals, short-staffed, and covering for that.

(Doc. 62-1; Ex. 1, Platz Dep. at 26-27). She said when she complained to her supervisor about performing trash removal services, he told her there was a hiring freeze and that she and her staff would be responsible for physically maintaining the property. (*Id.* at 29-32). She also indicated that she complained to superiors that she felt she was performing work outside of the Community Manager job description and was working "excessive . . . overtime." (*Id.* at 52). Platz knew of another salaried employee receiving overtime pay from Amurcon. (*Id.* at 56). She testified further that she often worked "side by side with hourly employees doing the same duties . . . ." (*Id.* at 61)

Thus, it was not unreasonable for Platz's attorney not to seek voluntary dismissal immediately after the deposition. He may have been able to successfully argue that the inconsistencies in Platz's deposition testimony created factual disputes that required

11

submission of her case to a jury.

**IV.    CONCLUSION**

No bad faith or otherwise exceptional circumstances are evident from the record, nor does the Court believe that Platz's attorney knowingly or recklessly pursued a frivolous claim.  Instead, the Court is persuaded by Platz's Response Brief and the attached affidavits that a number of factors led to Platz's decision to dismiss her suit–not just her deposition testimony, and that Platz's attorney reasonably believed she had a meritorious case, even after Amurcon moved for summary judgment, as evinced by counsel's continued attempts to reach a settlement.  Thus, there is no reason to depart from the rule that attorney fees are not appropriate under Fed. R. Civ. P. 41(a)(2) when an action is dismissed with prejudice, or to sanction Mr. Young under 28 U.S.C. § 1927.

Defendant does not show that the Court was misled by a "palpable defect" when it dismissed Platz's claim against Amurcon without an award of fees and costs. Defendant's Motion for Reconsideration is **DENIED**.

**IT IS ORDERED**.

      /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 2, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 2, 2012.
>
> S/Linda Vertriest
> Deputy Clerk