UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON SHIPES and THERESA JULL,
individually  and on behalf of
similarly situated people,

                    Plaintiffs,              CASE NUMBER: 10-14943
                                             HONORABLE VICTORIA A. ROBERTS
v.

AMURCON CORPORATION, a Michigan
Corporation,

                    Defendant.
_____/

**ORDER REGARDING DEFENDANT'S OBJECTIONS TO PLAINTIFFS'
PROPOSED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

**I.      INTRODUCTION**

        This matter is before the Court on Defendant's Objections to Plaintiffs' Proposed

Notice to Potential Opt-In Plaintiffs. (Doc. # 67).  Defendant raises nine objections to the

proposed Notice and attaches its own proposed Notice, incorporating its suggested

revisions.  On May 10, 2011, this Court granted Plaintiffs request to file a response to

Defendant's objections. (Doc. # 87).  Plaintiffs responded on May 11, 2011. (Doc. # 88).

The Court addresses each of Defendant's objections in turn.

**II.     ARGUMENTS AND ANALYSIS**

        **1.      The Case Caption**

        Defendant's first objection is to inclusion of the case caption on both the Notice

and the consent to sue form, "because the case caption gives the false impression that

this Court is endorsing this litigation . . . ." (Doc. # 67 at 1). Plaintiffs contend that the caption should remain in place so that potential opt-in plaintiffs do not mistake the Notice for "junk mail." (Doc. # 88 at 2). They cite several cases from this circuit and others for persuasive authority. (*See id.*). They emphasize that the Notice includes a provision that expressly states that the Court has not taken a position about the merits of Plaintiffs' claims or Defendant's defenses. (*Id.*).

The Court reviewed the authority cited by both parties and agrees with Plaintiffs. The case caption does not give the false impression that the Court endorses the litigation; rather, it serves the important purpose of indicating that the Notice is not junk mail. *E.g.*, *Carlson v. Leprino Foods Co.*, No. 1:05-cv-798, 2006 WL 2375046, at *1 (W.D. Mich. Aug. 15, 2006) ("It is true that the Court must avoid the appearance of judicial endorsement. *See Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 174 (1989). However, the form notice accomplishes this objective by including a sufficient disclaimer statement. The use of the caption is important so that readers will not confuse this notice with junk mail (which is unfortunately abundant). Accordingly, the use of the caption is approved."); *see also Jirek v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 851 (N.D. Ill. 2008) (as long as the entire case caption is at the top of the first page of the Collective Action Notice, it is clear that the Notice is a court document and not a letter from the court, which could suggest to potential plaintiffs the court "lent its imprimatur" to the merits of the action).

Further, any concern Defendant has about the appearance of judicial bias should be alleviated by paragraph 10 of the proposed Notice, entitled "NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT." (Doc. # 66 at ¶ 10). That provision

2

explicitly states, "Although this Notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiffs' claims or Amurcon Corporation's defenses, and there is no assurance that the Court will grant any relief to the Plaintiffs." (*Id.*). The first objection is **OVERRULED**.

### 2. Location of the Disclaimer

Defendant believes the disclaimer located in paragraph 10 indicating that the Court expresses no opinion as to the merits of the lawsuit should be moved to the introductory section, paragraph 1. Defendant fails to explain why the current location of the disclaimer is prejudicial to it and fails to cite authority for its position. On the other hand, Plaintiffs provide two cases in which courts approved Notices with disclaimers in the exact location as Plaintiffs' disclaimer. *See Lucas v. JBS Plainwell, Inc.*, No. 1:11-cv-302, slip. op. at 1 (W.D. Mich. Jan. 26, 2012); *Aguilera v. Michigan Turkey Producers Coop., Inc.*, No. 1:09-cv-420, slip op. at 4 (W.D. Mich. Feb. 10, 2010).

In another case from this Circuit, *Bailey v. Youth Villages, Inc.*, No. 07-1089, 2008 WL 2987201, at *2 (W.D. Tenn. July 30, 2008), a district court in Tennessee addressed the same defense objection. In *Bailey*, the plaintiff's disclaimer was near the end of the Collective Action Notice as well; the defendant asked that it be inserted immediately after the introduction. *Id.* The court rejected this suggestion, concluding that it was more logical for the disclaimer to follow the description of the claim, as well as the procedures for and consequences of joining the action. *Id.* The court held, "The Defendant's version puts the proverbial cart before the horse." *Id.* It permitted the plaintiff to leave the disclaimer in the third-to-last section of the Notice. *Id.*

3

This Court agrees with the *Bailey* court's reasoning.  Moreover, Defendant makes no attempt to persuade the Court that the current location of the disclaimer is prejudicial to it.  Defendant's objection is **OVERRULED**.

### 3.    Plaintiffs Named in Paragraph 2

Defendant objects to Plaintiffs' inclusion of Jani Platz, Kelly Kade, and Theresa Jull in the description of the lawsuit in section 2 because Platz and Kade dismissed their claims against Amurcon, and the Court denied Jull's motion for conditional certification without prejudice.  Defendant says the proposed Notice should be amended to simply reference Allison Shipes' claim.  (Doc. # 67 at 2).  Plaintiffs do not contest this objection and the Court already held that the proposed Notice must be amended to reflect these changes to the case.  This objection is **SUSTAINED**.

### 4.    Amurcon's Denial

Defendant says Plaintiffs should add at the end of paragraph 2,  "Amurcon Corporation has denied Plaintiffs' allegations that it has violated the FLSA or failed to properly pay its employees for overtime or otherwise, and has further denied Plaintiffs' allegations that it is liable to Plaintiffs under any circumstances," (Doc. # 66 at ¶ 2) that Amurcon denies all theories of damages or monetary compensation.  Plaintiffs' only response is that this language is unnecessary and redundant, citing *Bailey* for the proposition that a general statement of a defendant's denial is appropriate in FLSA Notices.

The Court is not particularly compelled by this response.  Plaintiffs do not contend that the requested language is false, misleading, or potentially prejudicial to

4

them.  It is an accurate description of Defendant's position and is more thorough than what is currently stated.  This objection is **SUSTAINED**, and this statement must be added.

### 5.      Mentioning the Court in Section 3

Defendant's fifth objection is related to its first.  Paragraph 3 of the proposed Notice, entitled "PERSONS ELIGIBLE TO RECEIVE THIS NOTICE," says:

> *The United States District Court for the Eastern District of Michigan has ordered this Notice to be distributed to*:
>
> All hourly persons employed by Amurcon Corporation or Wynnestone Communities <u>at any time since March 23, 2009</u> who did not receive an overtime premium as required under the Fair Labor Standards Act.

(Doc. # 66 at ¶ 3) (emphasis added).

Just as Defendant is concerned that the case caption will give the false impression that the Court endorses this litigation, Defendant suggests that the italicized language referencing the Court is inappropriate, and asks that it be removed.  Just as with the case caption, mentioning the Court ensures that the reader understands the Notice is not junk mail.  But, the Court is not ordering that the Notice be distributed; it is approving or authorizing distribution of the Notice to potential plaintiffs.  The language must be amended to make this clear.  The objection is otherwise **OVERRULED**.

### 6.      Named Plaintiff's Right to Make Decisions for Class

Defendant says, "the proposed opt in plaintiffs should be advised in Section 5 that the named Plaintiff has the right to make decisions on behalf of the entire class with respect to certain matters in the litigation, and that they may be bound by them."  (Doc. # 67 at 3).

5

Plaintiffs say this language is improper:

> It is true that once an individual opts-in to an FLSA action, they are considered party plaintiffs and are bound by a judgment entered in this case. However, as a party plaintiff, they are also free to accept or reject a settlement or other course of action sought by the Named Plaintiffs. Amurcon's language also ignores the fact that the Court must approve any settlement that may be reached in this case and that the Court may find that the Named Plaintiffs decision(s) regarding settlement are not fair or reasonable. Amurcon's proposed language only serves the purpose of chilling or intimidating individuals from joining the action and is designed with the intent to reduce the number of individuals that ultimately decide to opt-in the action.

(Doc. # 88 at 4).

The Court agrees with Plaintiffs. Importantly, Defendant does not cite authority for its proposition that the opt-in plaintiffs will lose decision-making rights by joining the suit. The proposed language could have the chilling impact Plaintiffs are concerned about. It is better for opt-in plaintiffs to discuss the nuances of their participation in the lawsuit with counsel as they consider whether to join the action. This objection is **OVERRULED**.

### 7.    The Language in Section 6

Defendant objects to what it calls "redundant language" in paragraph 6 of the proposed Notice, entitled, "NO LEGAL EFFECT IN NOT JOINING THIS SUIT." (Doc. # 67 at 3). That paragraph begins, "If you choose not to join this lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on any of the claims brought under the FLSA that are alleged in this lawsuit . . . ." (Doc. # 66 at ¶ 6). The language Defendant objects to follows, and reads, "in other words, if you do not file a Consent to Sue form, you will not receive any back overtime wages or other relief

6

granted under this lawsuit if Plaintiffs prevail on their FLSA claims." (*Id.*).

Plaintiffs respond that the language is necessary to fully inform potential plaintiffs of the implications of their decision to join or not to join. (Doc. # 88 at 4). Plaintiffs say there is no harm or prejudice to Amurcon by including this language. The Court agrees. This objection is **OVERRULED**.

### 8.    The Ninety-Day Opt-in Period

Amurcon objects to the ninety-day opt-in period included in paragraph 8. It believes that sixty days is sufficient notice for potential plaintiffs to opt into the lawsuit. Plaintiffs respond that a ninety-day period is very common and is proper in FLSA cases involving hundreds of current and former employees, some whom may have changed addresses in the past three years. Plaintiffs point out that the Court already approved a ninety-day period in its Order Granting in Part and Denying in Part Plaintiffs' Motion for § 216(b) Certification and Notice to Potential Class Members.

The Court did already grant Plaintiffs' request for a ninety-day opt-in period. (Doc. # 65 at 22-23). Defendant did not seek reconsideration of that Order. Thus, the Court allows ninety days. Plaintiffs should amend the current date to reflect the passage of time. Defendant's objection is **OVERRULED**.

### 9.    Notice of Possible De-certification

Defendant's final contention is the potential plaintiffs should be notified that even if they opt in, if the Court decertifies this action, they will no longer be plaintiffs in the case. Defendant proposes this language under paragraph 8, "HOW TO JOIN THIS LAWSUIT": "If you file a consent to sue form, your continued right to participate in this

suit may depend upon a later decision by the District Court that you and the Plaintiff are similarly situated." (Doc. # 67-3 at ¶ 8).

Plaintiffs contend this warning will intimidate potential plaintiffs and is designed to reduce the number of individuals who decide to opt in. Plaintiffs say, if the Court allows this language, the Notice should also say opt-in plaintiffs can re-file their own FLSA action at a later time if the collective action is decertified.

The Court agrees with Defendant that the proposed language is both relevant and important; it will assist potential opt-in plaintiffs to make a fully informed decision about whether or not to join the collective action. Plaintiffs offer a good compromise to guard against the potential deterrent effect of this warning. Thus, Plaintiffs must fashion language that includes both statements in their Amended Notice. Plaintiffs must warn potential plaintiffs that if they choose to re-file in the face of de-certification, they must do so within the time provided by law. The objection is **SUSTAINED**.

## III.    CONCLUSION

Plaintiffs must revise their proposed Notice in accordance with this Order. They must submit the Amended Notice for Court review within **five (5) days** of this Order. The Court will not entertain further objections but will determine whether the Amended Notice complies with this Order. The Court will notify the parties of whether the Amended Notice is approved as soon as possible to prevent further delay of issuance of the Notice to potential plaintiffs.

**IT IS ORDERED.**

S/Victoria A. Roberts _____
Victoria A. Roberts
United States District Judge

Dated:  May 16, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 16, 2012.<br><br>S/Linda Vertriest _____<br>Deputy Clerk |

9