UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Allison Shipes, et al.,**

      **Plaintiffs,**         **Civil Action No. 10-14943**

      vs.                    **District Judge Victoria A. Roberts**

**Amurcon Corp.,**          **Magistrate Judge Mona K. Majzoub**

      **Defendant.**

_____/

### ORDER

Before the Court is Defendant's emergency motion to quash subpoena issued to non-party Gene Farkas. (Dkt. 76.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 80.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[1]

**I.    Background**

On August 19, 2011 Plaintiffs issued a subpoena to Gene Farkas, Defendant's former Vice-President of Human Resources. (Pls.' Mot. at 1.) Plaintiffs were requesting Mr. Farkas to produce two audio recording tapes that they believed were relevant to the case. (*Id.*) On September 1, 2011 Defendant filed an emergency motion to quash Plaintiffs' subpoena, claiming the attorney-client privilege prohibited disclosure of the audio recordings in Mr. Farkas's possession. (*Id.*) On that

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

same day, Judge Cleland quashed the subpoena.[2] (*Id.*) In Judge Cleland's order, he stated that he "will grant the motion subject to further possible motion practice before Judge Roberts and quash the subpoena of Mr. Gene Farkas at this time." (Dkt. 40, Cleland's Order at 1.) Judge Cleland concluded, "[i]f [] Plaintiffs wish to re-file or otherwise pursue the objects of this subpoena, counsel should contact Judge Roberts's case manager . . . for further direction." (*Id.* at 4.) Nothing happened regarding the audio recording issue until Plaintiffs filed a motion to compel on February 23, 2012. (Dkt. 55, Pls.' Mot.) The Court addressed the motion to compel on April 9, 2012, and denied the motion, finding Plaintiffs' request procedurally improper. (Dkt. 71.)

On April 10, 2012 Plaintiffs issued another subpoena for two specific audiotapes: (1) the Reggie Ball audiotape and (2) the Bob Jacobs audiotape. Nine days later, Defendant filed the present motion to quash. (Dkt. 76.)

After reviewing the pleadings, the Court ordered Mr. Farkas to produce the tapes to the Court so that it could determine whether the attorney-client privilege protected any portions of the conversations from disclosure and whether the conversations were relevant to this lawsuit.

On August 23, 2012 the Court held a phone conference with the parties and the audiotapes were produced to the Court.

**II.     Analysis**

    **A.     The Court quashes the subpoena with respect to the Bob Jacobs conversation**

        **1.     The attorney-client privilege protects the Bob Jacobs conversation**

Defendant argues that the conversation that Mr. Farkas had with Defendant's attorney, Bob

---

[2]Plaintiffs state that Judge Roberts, the district judge presiding over this case, was unavailable for ruling.

Jacobs, is protected from disclosure by the attorney-client privilege. (Def.'s Mot. to Quash at 5-6.) While the Court does not agree with Defendant that "any" conversation between Mr. Farkas and Mr. Jacobs should be protected, the Court does agree that the attorney-client privilege does protect the conversation at issue.

>The attorney-client privilege:
>
>(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*360 Constr. Co., Inc. V. Atsalis Bros. Painting Co.*, 280 F.R.D. 347, 351 (E.D.Mich. 2012) (Lawson, J.) (citation omitted). "Because the privilege operates to reduce the amount of information discoverable during the course of a lawsuit, it is narrowly construed." *Id*. (citation omitted).

The Court has reviewed the conversations and finds that the Mr. Farkas-Mr. Jacobs conversation is protected by the attorney-client privilege. In the conversation, Mr. Farkas discusses discovery request compliance with Mr. Jacobs. Mr. Farkas also asks for advice on what he should do regarding the discovery requests, and offers to help Mr. Jacobs in any way regarding the discovery requests. The conversation is therefore protected by the attorney-client privilege.

Plaintiffs argue that Mr. Jacobs was Amurcon's attorney and that Mr. Farkas was not longer working for Amurcon at the time of the conversation. (Pls.' Resp. at 7.) The Court rejects Plaintiffs' argument. Mr. Farkas was working for a subsidiary of Amurcon at the time of the conversation. Case law supports the finding that Mr. Farkas's conversation with his parent company's attorney is protected by the attorney-client privilege. *See In re Dow Corning Corp.*, 95-20512, 2010 WL 3927728, at *10 (E.D.Mich. June 15, 2010) (Hood, J.) (citations omitted) (citing

3

cases for the proposition that "[t]he cases clearly hold that a corporate 'client' includes not only the corporation by whom the attorney is employed or retained, but also parent, subsidiary and affiliate corporations."). (See also Pls.' Resp. at 8, noting that Mr. Farkas was working for SSG, a subsidiary of Amurcon.)

### 2.    The crime-fraud exception does not apply to the conversation

Plaintiffs argue that the crime-fraud exception applies to the Mr. Jacobs conversation if the attorney-client privilege protects the conversation. (Pls.' Resp. at 9.)

"A communication is excepted from the attorney-client privilege if it is undertaken for the purpose of committing or continuing a crime or fraud." *U.S. v. Collis*, 128 F.2d 313, 321 (6th Cir. 1997). "The crime-fraud exception applies where the plaintiffs 'show that there is a reasonable basis to (1) suspect the perpetration or attempted perpetration of a crime or fraud and (2) that the communications were in furtherance thereof.'" *State Farm Mut. Auto. Ins. Co. v. Hawkins*, 08-10367, 2011 WL 595694, at *3 (E.D.Mich. Feb. 10, 2011) (Cleland, J.) (citations omitted). Because Plaintiffs seek to "use the crime-fraud exception for discovery materials that are purportedly protected by the attorney-client privilege, [they] bear[] the burden of making a prima facie showing of a crime or fraud." *Id*. at *7 (citations omitted). To make the prima facie showing needed, Plaintiffs must show that there is "more than a strong suspicion that a crime was committed[.]" *Id*. At * 7, n 5 (citations omitted).

The Court finds that the crime-fraud exception does not apply to the Mr. Farkas-Mr. Jacobs conversation. Here, the Court has reviewed the conversation and finds that Plaintiffs' argument fails because they cannot show that the conversation was made in furtherance of any alleged perpetration of a crime. There is no indication that this conversation, or the statements made during it, were to

4

further a crime or fraud, explicitly or implicitly.

The crime-fraud exception does not apply. The Court therefore grants the motion to quash with respect to this audiotape.

### B. The Court will not quash the subpoena with regards to the Reggie Ball conversation.

The Court has reviewed the Reggie Ball tape and it will not quash the subpoena. Portions of the conversations touch upon time cards and overtime and therefore may lead to admissible evidence and thus are relevant.

### III. Conclusion

For the above-stated reasons, the Court grants in part and denies in part Defendant's motion to quash. The Court grants the motion with respect to the Bob Jacobs conversation–the communications are privileged and the Court denies the request to quash the subpoena with respect to that audiotape. The Court denies the motion with respect to the Reggie Ball tape–it is relevant and not privileged.

So ordered.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: August 28, 2012         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 28, 2012     s/ Lisa C. Bartlett
                            Case Manager