# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ALLISON SHIPES**, ET AL,

      Plaintiffs,

vs.

      Case No: 2:10-cv-14943
      Hon. Victoria A. Roberts

**AMURCON CORPORATION,**

      Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

NOW COME the parties, by counsel, and respectfully request the Court enter an Order approving the settlement agreement reached by the parties in the above-referenced matter. In support thereof, the parties state as follows:

1. This Joint Motion is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. The parties reached a settlement agreement in principle on or about September 11, 2013.

3. Since that time, the parties have negotiated a Settlement Agreement. A copy of the Settlement Agreement is attached to the brief in support of this motion at *Exhibit 1*.

4. The parties urge the Court to find that the proposed settlement is fair, reasonable, and adequate.

5. The Plaintiffs' case alleges multiple violations of the Fair Labor Standards Act. The instant litigation has been, and will continue to be, lengthy and expensive for all parties. Furthermore, the results of such cases are wide ranging and incapable of being assured to any degree of certainty. Finally, none of the parties are objecting to the settlement, or to the Court authorizing settlement.

6. The parties respectfully request the Court enter an Order authorizing the settlement of the above-referenced matter.

WHEREFORE, the parties, by counsel, respectfully request the Court enter an Order authorizing the settlement in this case, and for all other appropriate relief.

| | |
|---|---|
| Respectfully Submitted,<br><br>*/s/ Jason J. Thompson*<br>Jason J. Thompson (P47184)<br>Jesse L. Young (P72614)<br>Sommers Schwartz, P.C.<br>Attorneys for Plaintiffs<br>One Towne Square, Suite 1700<br>Southfield, MI 48076<br>248-355-0300<br>jthompson@sommerspc.com<br>jyoung@sommerspc.com | */s/ James F. Hermon*<br>Samuel C. Damren (P25522)<br>James F. Hermon (P53765)<br>Alexandra J. Wolfe (P75581)<br>Attorneys for Defendant<br>Dykema Gossett PLLC<br>400 Renaissance Center<br>Detroit, MI 48243<br>Telephone: (313) 568-6800<br>sdamren@dykema.com<br>jhermon@dykema.com<br>awolfe@dykema.com |

Dated: October 15, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALLISON SHIPES**, ET AL,

    Plaintiffs,

vs.

Case No: 2:10-cv-14943
Hon. Victoria A. Roberts

**AMURCON CORPORATION,**

    Defendant.
_____/

BRIEF IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF SETTLEMENT
===

As a general rule, employees cannot waive FLSA claims for less than full statutory damages under the Fair Labor Standards Act ("FLSA") by means of a private "settlement." *Martin v. Indiana Michigan Power Co.,* 292 F. Supp. 2d 947, 959-960 (W.D. Mich. 2002). However, the FLSA may be compromised by judicially-approved stipulated settlements. *Id.* at 960 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). To approve a FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 719 (E.D. La. 2008). If the settlement agreement reflects a "reasonable compromise" over issues that are "actually in dispute," the district court may approve the settlement "in order to

promote the policy of encouraging settlement." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354. The Sixth Circuit has identified seven factors that should aid a court in its determination of whether a class-action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Crawford v. Lexington-Fayette Urban Cnty. Gov't,* CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) citing to *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (unpublished, attached as *Exhibit 3*).

In the instant case, there is a *bona fide* dispute over whether Defendant violated the FLSA. Plaintiffs alleged that Defendant violated the FLSA because it failed to pay Plaintiffs for all hours worked, including a premium rate for hours worked over 40 in a workweek. Defendant, on the other hand, denies any failure to properly pay Plaintiffs monies owed under the FLSA. Should this matter have continued, the parties would have completed discovery and brought dispositive motions on at least the following issues: (1) whether Defendant violated the FLSA by failing to pay Plaintiffs the federally mandated minimum wage for hours worked; (2) whether Defendant violated the FLSA by failing to pay Plaintiffs an

overtime premium for hours worked in excess of 40 hours per workweek; and (3) whether Defendant willfully violated the FLSA. The parties have conflicting testimony and records about the number of hours the various Plaintiffs worked and for which they were paid. While a number of issues remain unresolved in this litigation, the discovery conducted thus far has enabled counsel for the parties to assess the respective strengths and weaknesses of their cases and have reached the conclusion that settlement under the terms set forth are in the parties' best interest.

If Plaintiffs ultimately prevailed, Defendant would be faced with the prospect of a verdict against it and the obligation to pay attorney's fees and costs. If Defendant ultimately prevailed, Plaintiffs faced dismissal of their claims and no recovery. Counsel for both parties agreed that either outcome was possible in this litigation, particularly given that some issues were factual and a trier of fact would have had to resolve them. Because it is not certain how a jury ultimately would have resolved these issues, a *bona fide* dispute exists as to all claims.

Here, the agreement between Plaintiffs and Defendant Amurcon Corporation is fair in that the total amount of the settlement ($300,000) bears a reasonable relationship to the amount in dispute, the costs of proceeding with the case, and the risks of proceeding with the litigation. (*See* Exhibit 1, Settlement Agreement.) For example, payment to each plaintiff is based on a total number of hours that exceeds the number of hours recorded by Amurcon, but less than the number of hours

Plaintiffs would have testified that they worked. The amount of the settlement is broken down as indicated on the spreadsheet, attached as *Exhibit 2*. Amurcon will have 18 months to fully pay the settlement obligation, under a quarterly payment schedule. Counsel for Plaintiffs has recommended the settlement as being fair and reasonable.

Plaintiffs' counsel's attorney's fees and costs are reasonable because of the issues presented in the case and the amount of resources in motion practice, discovery, and analysis of Plaintiffs' claims. The attorney's fees to be paid to Plaintiffs' law firm under the settlement are less than the actual amount billed, representing a negative lodestar.

Both sides compromised on key claims and defenses and the settlement represents a true compromise as to damages and the available evidence. The settlement represents an arm's-length negotiation by counsel. It provides relief to Plaintiffs, and eliminates the inherent risks both sides would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute, approve the settlement and enter the stipulated order dismissing this case.

    Respectfully Submitted,

    /s/ Jason J. Thompson
    Jason J. Thompson (P47184)
    Jesse L. Young (P72614)
    Sommers Schwartz, P.C.
    Attorneys for Plaintiffs
    One Towne Square, Suite 1700
    Southfield, MI  48076
    248-355-0300
    jthompson@sommerspc.com

    /s/ James F. Hermon
    Samuel C. Damren (P25522)
    James F. Hermon (P53765)
    Alexandra J. Wolfe (P75581)
    Attorneys for Plaintiff
    Dykema Gossett PLLC
    400 Renaissance Center
    Detroit, MI  48243
    Telephone:  (313) 568-6800
    sdamren@dykema.com
    jhermon@dykema.com
    awolfe@dykema.com

Dated:  October 15, 2013

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **October 15, 2013**, I electronically filed the foregoing paper with the Clerk of the Court using the eFiling system which will send notification of such filing to ECF participants.

                                      /s/ James F. Hermon
                                      Samuel C. Damren (P25522)
                                      James F. Hermon (P53765)
                                        Alexandra J. Wolfe (P75581)
                                      Attorneys for Plaintiff
                                      Dykema Gossett PLLC
                                      400 Renaissance Center
                                      Detroit, MI  48243
                                      Telephone:  (313) 568-6800
                                      sdamren@dykema.com
                                      jhermon@dykema.com
                                      awolfe@dykema.com

DET01\1274961.4
ID\AJW - 087091\0019